UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------x
STEVEN MALLOY,

            Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.
---------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:19-cv-03727-FB

*Appearances*:
*For the Plaintiff*:
CHRISTOPHER JAMES BOWES
Law Office of Christopher James
Bowes
54 Cobblestone Drive
Shoreham, NY 11786

*For the Defendant*:
MARK LESKO
Acting United States Attorney
Eastern District of New York
By: NAHID SOROOSHYARI
Special Assistant US Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Steven Malloy seeks review of the Commissioner of Social Security's denial of his application for disability insurance benefits. Both parties move for judgment on the pleadings. For the following reasons, Malloy's motion is denied, and the Commissioner's motion is granted.

**I.**

Malloy applied for disability insurance benefits in January 2016, complaining of an inability to work beginning in February 2012 due to

1

degenerative joint disease, back pain, left shoulder pain, bilateral hip pain, bilateral knee pain, and depression. His application was denied. Malloy then requested a hearing before an Administrative Law Judge ("ALJ"). On April 23, 2018, a hearing was conducted before ALJ Andrea Addison. Malloy was represented by counsel and testified at the proceeding. At step two of the five step framework, ALJ Addison found that Malloy had the "severe impairments" of "degenerative joint disease of the hips, status post reconstructive surgery of both hips; degenerative disc disease of the lumbar spine; and asthma." ECF No. 21 at 209. Significantly, ALJ Addison found "the record indicates that the claimant was scheduled to undergo right eye cataracts surgery … but there is no evidence of an ongoing visual disturbance." *Id*. At step three, ALJ Addison found that Malloy does not have "an impairment or combination of impairments that meets or medically equals the severity of the one of the [statutorily] listed impairments." *Id*. ALJ Addison ruled that Malloy has the residual functional capacity to:

> Perform sedentary work … except for the following limitations: he can frequently climb stairs and ramps; he can never climb ladders, ropes, or scaffolds; he can frequently kneel, crouch, crawl, and stoop; he must avoid even moderate exposure to extreme heat and cold; he needs to avoid concentrated exposure to pulmonary irritants; he needs to use a cane in the dominant right hand to stand and walk; and he would need to be off task 10% of a shift due to symptoms.

*Id*. at 209. The Appeals Council denied Malloy's request for review on April 25, 2019.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The claimant has the general burden of proving that he or she has a disability within the meaning of the Act." *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013).

## III.

On appeal, Malloy challenges the ALJ's determination "that there was no evidence of 'ongoing' visual disturbance after undergoing cataract surgery." ECF No. 16 at 14 (quoting ECF No. 21 at 209). He argues the ALJ erred in concluding Mr. Malloy was fit for sedentary employment. In Malloy's view, since "the evidence demonstrates that Mr. Malloy lacked good visual acuity throughout 2016, the determination that he retained the capacity to work as a document preparer, food and beverage clerk, and addresser for this period cannot stand." *Id*. at 16. Malloy also argues that the ALJ failed in her duty to fully develop the record and to obtain a complete medical history. *See, e.g., Pratts v. Chater*, 94 F.3d 34, 37 (2d

Cir.1996) ("It is the rule in our circuit that 'the ALJ, unlike a judge in a trial, must [her]self affirmatively develop the record' in light of 'the essentially non-adversarial nature of a benefits proceeding.' This duty ... exists even when ... the claimant is represented by counsel.")

The Court disagrees for the following reasons.

First, the record contradicts many of Malloy's factual statements and arguments. Malloy suggests that this case should be reversed based on the ALJ's failure to consider his significant vision problems. However, Malloy did not identify vision problems as a concern when he applied for Supplemental Security Income ("SSI"). *See* ECF No. 21 at 301. When he was questioned by the ALJ, with counsel at his side, Malloy testified that eye surgery corrected his vision problems, and he had no restrictions in his vision or sight. *See* ECF No. 21 at 230 ("Q[:] Ha[s] [eye surgery] corrected the problems? A[:] Yes"). Simply put, the ALJ cannot be faulted for failing to address an issue Malloy explicitly stated was not a problem. *Cf. Curley v. Comm'r of Soc. Sec. Admin.*, No. 19-387-CV, 808 F. App'x 41, 44 (2d Cir. 2020) (summary order) ("Although Curley argues that the ALJ should have obtained a medical opinion … from one of Curley's providers, Curley does not explain why neither he nor his counsel requested such an opinion").

While there is a general obligation to develop the record where critical information is lacking, where "the ALJ already possesses complete medical

history" and "there are no obvious gaps in the administrative record," "the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999). Such is the case here. The administrative record in this case is adequately developed and contains hundreds of pages of medical records. *See generally* ECF No. 21. Moreover, in response to questioning from the ALJ, Malloy's counsel stated that the record was complete. *Id.* at 218 ("ALJ: Okay. All right, that makes sense. So then the record is complete? ATTY: Yes, I believe it is."); *see also* 20 C.F.R. § 416.1510(a) (providing that a claimant's representative may "[m]ake statements about facts and law" on the claimant's behalf). Where a lawyer asserts that the record is complete, such statements are generally imputed to the claimant. *See Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (absent "evidence that [counsel] was coerced or deceived into stipulating … the attorney's conduct is imputed to Petitioner").

Compounding the problem, Malloy failed to attend a series of consultative medical evaluations that were scheduled by the agency. The first examination was scheduled for April 13, 2016. Malloy failed to attend after receiving correspondence with the pertinent details. ECF No. 21 at 505-06. Following the missed appointment, the agency contacted Malloy and provided the relevant details to attend a rescheduled consultative appointment on May 4, 2016. *Id*. Malloy also

failed to attend that appointment. The agency tried a third time to secure Malloy's attendance, scheduling yet another appointment for May 20, 2016, which Malloy also failed to attend. *Id*. at 507. This Court agrees with Judge Matsumoto that "where a claimant fails to appear at a scheduled consultative examination without explanation, the ALJ has no further duty to develop the record." *Perrelli v. Comm'r of Soc. Sec.*, No. 18-CV-04370 (KAM), 2020 WL 2836786, at *5 (E.D.N.Y. June 1, 2020) (collecting cases); *see also* 20 C.F.R. § 404.1518(a) (where a claimant fails to attend a scheduled consultative examination without "a good reason," a finding of not disabled may be rendered). Malloy cannot fault the agency for failing to develop the record when he failed to take basic steps to provide relevant information for the courts to consider.

Malloy challenges the ALJ's conclusion that he can perform sedentary work. But the basic question is not what health conditions Malloy is experiencing but what functional limitations these conditions place upon his ability to perform work activities. *See Monguer v. Heckler*, 722 F.2d 1033, 1037 (2d Cir. 1983) ("to be entitled to social security disability benefits, a claimant's health must be so impaired as to prevent him from performing his previous job or any other substantial gainful work that exists in the economy"); *see also White v. Berryhill*, 753 F. App'x 80, 81 (2d Cir. 2019). Malloy has failed to establish that his functional limitations precluded him from engaging in substantial gainful activity,

and the ALJ's finding that Malloy retained the residual functional capacity to perform sedentary work was supported by substantial evidence.

## CONCLUSION

For the following reasons, Malloy's cross motion for judgment on the pleadings is DENIED, and defendant's cross motion for judgment on the pleadings is GRANTED. Accordingly, the Commissioner's decision is AFFIRMED, and judgment should be entered in the Commissioner's favor.

**SO ORDERED.**

     /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 25, 2020